# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO MIGUEL ROBERTSON, | : | Civil No. 3:14-CV-10 |
| Plaintiff, | : | |
| v. | : | (Judge Caputo) |
| EXECUTIVE DIRECTOR, BRAIN INSTITUTE, GEISINGER MEDICAL CENTER, | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

**I.    Statement of Facts and of The Case**

This *pro se* civil rights case was filed by the plaintiff, a federal prisoner, on January 6, 2014. (Doc. 1.) Robertson's complaint was characterized as a <u>Bivens</u>[1] constitutional tort action against federal officials, but named no federal officials as defendants. Instead, the complaint identified a private party as the sole defendant, the Executive Director for the Brain Institute at Geisinger Medical Center. (<u>Id</u>.) After setting forth a brief, and cryptic, factual narrative, Robertson's complaint then sought relief which is beyond the power of the private defendant to provide. Specifically, he sought a prison transfer to some other facility. (<u>Id</u>.)

---

[1] <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

Robertson has not paid the filing fee required by law, and apparently seeks to proceed *in forma pauperis*. For the reasons set forth below, we will grant Robertson leave to proceed *in forma pauperis*, but as part of our legally-mandated screening review we find that Robertson has failed to state a claim upon which relief may be granted. Therefore, we recommend that the Court dismiss this complaint for failure to state a claim upon which relief can be granted, but without prejudice to allowing the plaintiff to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint.

**II.    Discussion**

**A.    Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review**

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should

"begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint). Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within

the power of the defendant to provide. See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

### B. Robertson May Not Bring a Bivens Action Against a Private Party Seeking Relief Which That Party Cannot Provide

Here Robertson's complaint runs afoul of a fundamental legal obstacle. Robertson has cast this lawsuit as a Bivens constitutional tort claim against federal officials. (Doc. 1.) However, his complaint does not name any federal officials as defendants, but rather only seeks to sue a private party, the Executive Director of the Geisinger Medical Center Brain Institute.

This he may not do. Indeed, it is well-settled that Bivens claims do not lie against private parties, even those private parties who are performing services under a contract with the government. As the Supreme Court has observed when rejecting a similar effort to extend Bivens liability to private persons:

> The purpose of Bivens is to deter individual federal officers from committing constitutional violations. Meyer made clear that the threat of litigation and liability will adequately deter federal officers for Bivens purposes no matter that they may enjoy qualified immunity, 510 U.S., at 474, 485, 114 S.Ct. 996, are indemnified by the employing agency or entity, id., at 486, 114 S.Ct. 996, or are acting pursuant to an entity's policy, id., at 473-474, 114 S.Ct. 996. Meyer also made clear that the

-8-

> threat of suit against an individual's employer was not the kind of deterrence contemplated by Bivens. See 510 U.S., at 485, 114 S.Ct. 996 ("If we were to imply a damages action directly against federal agencies ... there would be no reason for aggrieved parties to bring damages actions against individual officers. [T]he deterrent effects of the Bivens remedy would be lost"). This case is, in every meaningful sense, the same. For if a corporate defendant is available for suit, claimants will focus their collection efforts on it, and not the individual directly responsible for the alleged injury. See, e.g., TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 464, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993) (plurality opinion) (recognizing that corporations fare much worse before juries than do individuals); id., at 490-492, 113 S.Ct. 2711 (O'CONNOR, J., dissenting) (same) (citing authorities). On the logic of Meyer, inferring a constitutional tort remedy against a private entity . . . is therefore foreclosed.

Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70-71 (2001). See e.g., Navarrete v. United States, 532 F. App'x 121 (3d Cir. 2013); Ruiz v. Fed. Bureau of Prisons, 481 F. App'x 738, 740 (3d Cir. 2012).

This principle applies here, and is fatal to Robertson's efforts to infer a Bivens claim or cause of action against this private medical provider. Therefore this claim should be dismissed, as it is presently drafted.

Furthermore, the relief sought by Robertson–a prison transfer–is patently beyond the power of this defendant to provide. This prayer for relief violates Rule 8 of the Federal Rules of Civil Procedure. It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each

averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir.2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir.2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir.2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir.2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra. Furthermore, under Rule 8 a complaint must contain a coherent, intelligible and attainable prayer for relief. Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same). Since a complaint must, at a minimum, contain a coherent prayer for relief, see Rule 8, Fed. R. Civ. P., it follows that this particular complaint, which demands relief that the named defendant simply cannot provide, fails as a matter of law.

In sum, in its current form this complaint fails to state a claim upon which relief may be granted. While this screening merits analysis calls for dismissal of this action with respect to the supervisory defendants, we recommend that the plaintiff be given

another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

### III. Recommendation

Accordingly, for the foregoing reasons, the Plaintiff is GRANTED leave to proceed *in forma pauperis* but IT IS RECOMMENDED that the Plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen

(14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of January, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
